IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IGNACIO SOSNAVA RODRIGUEZ, | § § § § | |
| Petitioner, | § § | |
| v. | § § | 1:26-CV-273-RP |
| SYLVESTER ORTEGA, *in his official capacity as Field Office Director of Enforcement and Removal Operations, San Antonio Field Office, Immigration and Customs Enforcement*, et al., | § § § § § § | |
| Respondents. | § | |

## **ORDER**

Before the Court is the motion of Kymberly Renaud ("Movant") to withdraw as counsel for Petitioner-Appellee Ignacio Sosnava Rodriguez ("Petitioner"). (Dkt. 18). Movant states that she "seeks to withdraw because she is not admitted to practice before the United States Court of Appeals for the Fifth Circuit." (*Id.* at 1) Movant represents that she "provided verbal notice on March 2, 2026 and written notice to [Petitioner] on March 23, 2026," but that he is still "currently seeking alternative representation in this matter," i.e., that there is not a successor attorney. (*Id.* at 2).

"An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client." *In re Wynn*, 889 F.2d 644, 646 (5th Cir. 1989). "The withdrawing attorney bears the burden of proving the existence of good cause for withdrawal." *Rabin v. McClain*, No. SA-10-CV-981-XR, 2011 WL 3793939, at *1 (W.D. Tex. Aug. 25, 2011). "'[I]n assessing whether counsel has good cause to resign, federal courts look to multiple factors,' paramount among those factors 'are considerations of undue delay in the proceedings, prejudice to the client, and the interests of justice.'" *Id.* (quoting *Dorsey v. Portfolio Equities, Inc.*, No. 3:04-CV-0472-B, 2008 WL 4414526, at *2 (N.D. Tex. Sept. 29, 2008)). "The record must generally reflect an appropriate basis for granting leave; unsubstantiated claims are insufficient." *F.T.C. v.*

1

*Itellipay, Inc.*, 828 F. Supp. 33, 33 (S.D. Tex. 1993). The decision whether to permit withdrawal lies within the sound discretion of the court. *Wynn*, 889 F.2d at 646.

In the Western District of Texas, there are three additional requirements for a motion to withdraw: (1) the attorney seeking to withdraw from a case must file a motion specifying the reasons for withdrawal and providing the name and office address of the successor attorney; (2) if the successor attorney is not known, the motion must set forth the client's name, address, and telephone number; and (3) the motion must bear either the client's signature or a detailed explanation why the client's signature could not be obtained after due diligence. W.D. Tex. Loc. R. AT-3.

Having reviewed the motion and the relevant law, the Court requires more information from Movant and Petitioner before ruling on the motion. Accordingly, **IT IS ORDERED** that the parties appear by phone for a telephone conference on **Wednesday, March 25, 2026, at 2:00 p.m. Central Time**. Petitioner Ignacio Sosnava Rodriguez must attend the phone conference; it is Petitioner's Counsel's obligation to inform him of this conference and ensure that he is able to attend. Further, Petitioner's attorney shall ensure that her client can participate in discussions with the Court, including by providing for translation, if required.

The parties are directed to use the below dial-in information:

\*\*Please call in 5 minutes prior to start of hearing.\*\*

 1. Toll free number: 1-855-244-8681

 2. Meeting number: 2317 325 7654

If there are questions regarding the telephonic appearance, the parties should contact Julie Golden, Courtroom Deputy, at julie_golden@txwd.uscourts.gov.

The use of speaker phones is prohibited during a telephonic appearance. Additionally, because earlier hearings in other cases may be in progress at the time attorneys call in for their

scheduled conference, attorneys should call in with their phones on "mute" and wait for the

Courtroom Deputy to call this case before they speak.

**SIGNED** on March 24, 2026.

_____

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE